# EXHIBIT A




### *Pima County Clerk of Superior Court*
### *Tucson, Arizona*

| | | | |
|---|---|---|---|
| | | Receipt Number: | 2864721 |
| Received for: | Matthew Schmidt | Date: | 8/31/2017 |
| Received from: | Matthew Schmidt | Case Number: | C20174197 |
| Amount Received: | $247.00 | Clerk Number: | 1.738 |

Caption:     FARWEST PUMP COMPANY VS. ILLINOIS NATIONAL INSURANCE COMPANY ET AL.

Cash: $0.00          Check:  $0.00              Charge: $0.00              ACH: $247.00

*Begin Financial Docket*

 Civil Complaint                                        $247.00     PAID

*End Financial Docke*

Change Returned:   $0.00

Amount Refunded:   $0.00

**In the Superior Court of the State of Arizona**
**In and For the County of** Pima

Case Number _____

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney  Matthew F. Schmidt

Attorney Bar Number  028049, AZ

Plaintiff's Name(s): (List all)

Farwest Pump Company, a
corporation

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All) Illinois National Insurance Company, an insurance
company,, American International Group, Inc. an insurance company,

(List additional defendants on page two and/or attach a separate sheet)

---

FILED
TONI L. HELLON
CLERK, SUPERIOR COURT

**Delivery Date: August 30, 2017 05:09 PM MST**

8/30/2017 5:09:49 PM
BY: JJM /DEC
DEPUTY

Case No. C20174197
HON. CATHERINE M WOODS

Plaintiff's Address:

---

EMERGENCY ORDER SOUGHT: ☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC
☐ Election Challenge   ☐ Employer Sanction ☐ Other _____
(Specify)

☐ RULE 8(h) COMPLEX LITIGATION APPLIES. Rule 8(h) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.
(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria**. See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category**. The words "eligible for commercial court" must appear in the caption of the original complaint.

## NATURE OF ACTION
(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

**TORT MOTOR VEHICLE:**
☐ Non-Death/Personal Injury
☐ Property Damage
☐ Wrongful Death
**TORT NON-MOTOR VEHICLE:**
☐ Negligence
☐ Product Liability – Asbestos
☐ Product Liability – Tobacco
☐ Product Liability – Toxic/Other
☐ Intentional Tort

☐ Property Damage
☐ Legal Malpractice
☐ Malpractice – Other professional
☐ Premises Liability
☐ Slander/Libel/Defamation
☐ Other (Specify) _____
**MEDICAL MALPRACTICE:**
☐ Physician M.D.   ☐ Hospital
☐ Physician D.O.   ☐ Other

*AZturboCourt.gov Form Set #2323074*

**CONTRACTS:**
- ☐ Account (Open or Stated)
- ☐ Promissory Note
- ☐ Foreclosure
- ☐ Buyer-Plaintiff
- ☐ Fraud
- ☒ Other Contract (i.e. Breach of Contract)
- ☐ Excess Proceeds-Sale
- ☐ Construction Defects (Residential/Commercial)
  - ☐ Six to Nineteen Structures
  - ☐ Twenty or More Structures

**OTHER CIVIL CASE TYPES:**
- ☐ Eminent Domain/Condemnation
- ☐ Eviction Actions (Forcible and Special Detainers)
- ☐ Change of Name
- ☐ Transcript of Judgment
- ☐ Foreign Judgment
- ☐ Quiet Title
- ☐ Forfeiture
- ☐ Election Challenge
- ☐ NCC- Employer Sanction Action (A.R.S. §23-212)
- ☐ Injunction against Workplace Harassment
- ☐ Injunction against Harassment
- ☐ Civil Penalty
- ☐ Water Rights (Not General Stream Adjudication)
- ☐ Real Property
- ☐ Special Action against Lower Courts
  (See lower court appeal cover sheet in Maricopa)
- ☐ Immigration Enforcement Challenge (A.R.S. §§1-501,
1-502, 11-1051)

**UNCLASSIFIED CIVIL:**
- ☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- ☐ Tax Appeal
(All other tax matters must be filed in the AZ Tax Court)
- ☐ Declaratory Judgment
- ☐ Habeas Corpus
- ☐ Landlord Tenant Dispute- Other
- ☐ Declaration of Factual Innocence (A.R.S. §12-771)
- ☐ Declaration of Factual Improper Party Status
- ☐ Vulnerable Adult (A.R.S. §46-451)
- ☐ Tribal Judgment
- ☐ Structured Settlement (A.R.S. §12-2901)
- ☐ Attorney Conservatorships (State Bar)
- ☐ Unauthorized Practice of Law (State Bar)
- ☐ Out-of-State Deposition for Foreign Jurisdiction
- ☐ Secure Attendance of Prisoner
- ☐ Assurance of Discontinuance
- ☐ In-State Deposition for Foreign Jurisdiction
- ☐ Eminent Domain– Light Rail Only
- ☐ Interpleader– Automobile Only
- ☐ Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ Employment Dispute- Discrimination
- ☐ Employment Dispute-Other
- ☐ Other (Specify) _____

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(h) ARCP

Additional Plaintiff(s)

_____

_____

Additional Defendant(s)

_____

_____

AZturboCourt.gov Form Set #2323074

November 10, 2016                     Page 2                     AOCCV10F-010117

Attachment Page __1__ (of __1__ )

To <u>Civil Cover Sheet</u> _____

**ATTORNEY INFORMATION:**
ATTORNEY FILING - PRIMARY ATTORNEY:
Matthew F. Schmidt
Bar Number: 028049, Issuing State: AZ
Law Firm: Schmidt & Sethi, P.C.
Address: 1790 E River Road, Suite 300

Tucson, AZ 85718
Telephone Number: (520) 545-1677
Email: laguilar@azinjurylaw.com

ATTORNEY #2
Rohit Talwar
Bar Number: 028505, Issuing State: AZ
Law Firm: Talwar Law PLLC
Address: 5501 N Oracle Road, Suite 171
Tucson, AZ 85704
Telephone Number: (520)260-2007


**ATTACHED DOCUMENTS LIST:**
Summons - Defendant #1
Summons - Defendant #2
Certificate of Compulsory Arbitration
Complaint

If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.

FILED
TONI L. HELLON
CLERK, SUPERIOR COURT
8/30/2017 5:09:49 PM
BY: JIM ORR
         DEPUTY

Person/Attorney Filing: Matthew F. Schmidt
Mailing Address: 1790 E River Road, Suite 300
City, State, Zip Code: Tucson, AZ 85718
Phone Number: (520) 545-1677
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028049, Issuing State: AZ
Attorney E-Mail Address: laguilar@azinjurylaw.com

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

Farwest Pump Company, a corporation
Plaintiff(s),

V.

Illinois National Insurance
Company, an insurance company,, et
al.
Defendant(s).

Case No. _____ C20174197 _____

## CERTIFICATE OF COMPULSORY ARBITRATION

I certify that I am aware of the dollar limits and any other limitations set forth by the

Local Rules of Practice for the Pima County Superior Court, and I further certify that

this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of

the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this *August 30, 2017*

By: *Matthew F. Schmidt /s/* _____
         Plaintiff/Attorney for Plaintiff

AZturboCourt.gov Form Set #2323074

12/30/2016 ver. 1

Person/Attorney Filing: Matthew F. Schmidt
Mailing Address: 1790 E River Road, Suite 300
City, State, Zip Code: Tucson, AZ 85718
Phone Number: (520) 545-1677
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028049, Issuing State: AZ
Attorney E-Mail Address: laguilar@azinjurylaw.com

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

Farwest Pump Company, a corporation
Plaintiff(s),

V.

Illinois National Insurance Company,
an insurance company,, et al.
Defendant(s).

Case No. _C20174197_

HON. CATHERINE M WOODS

**SUMMONS**

To: Illinois National Insurance Company, an insurance company,

WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1. A lawsuit has been filed against you. A copy of the lawsuit and other related court paperwork has been served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Office of the Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through AZTurboCourt at www.azturbocourt.gov.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If the papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS, not counting the day of service.

12/30/2016 CAC

AzTurboCourt.gov Form Set #2323074

Requests for reasonable accommodations for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.


GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of Pima _____ *August 30, 2017* _____.

*Toni L. Hellon*
Clerk of the Superior Court

By: *Jim Orr* _____
      Deputy Clerk



AZturboCourt.gov Form Set #2323074

12/30/2016 CAC

Person/Attorney Filing: Matthew F. Schmidt
Mailing Address: 1790 E River Road, Suite 300
City, State, Zip Code: Tucson, AZ 85718
Phone Number: (520) 545-1677
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028049, Issuing State: AZ
Attorney E-Mail Address: laguilar@azinjurylaw.com

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| Farwest Pump Company, a corporation<br>Plaintiff(s),<br><br>V.<br><br>Illinois National Insurance Company,<br>an insurance company,, et al.<br>Defendant(s). | Case No. ___C20174197___<br><br>HON. CATHERINE M WOODS<br><br><br>**SUMMONS** |

To: American International Group, Inc. an insurance company,

WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1. A lawsuit has been filed against you. A copy of the lawsuit and other related court paperwork has been served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Office of the Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through AZTurboCourt at www.azturbocourt.gov.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If the papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS, not counting the day of service.

12/30/2016 CAC

Requests for reasonable accommodations for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  Pima                                   *August 30, 2017*                                   .

*Toni L. Hellon*
Clerk of the Superior Court

By: *Jim Orr*
     Deputy Clerk



AZturboCourt.gov Form Set #2323074

12/30/2016 CAC

FILED
TONI L. HELLON
CLERK, SUPERIOR COURT

8/30/2017 5:09:49 PM

BY: JIM ORR
        DEPUTY

Case No. C20174197
HON. CATHERINE M WOODS

**SCHMIDT & SETHI, P.C.**
1790 East River Road, Suite 300
Tucson, Arizona  85718
FAX: 520.790.1163

Ted A. Schmidt
PCC #51214, SB #005030
Direct Line: 520.545.1670
E-mail: tschmidt@azinjurylaw.com

Matthew F. Schmidt
PCC #66347 SB# 029049
Direct Line: 520.545.1677
E-mail: mschmidt@azinjurylaw.com

Attorneys for Plaintiff

**TALWAR LAW, P.L.L.C.**
5501 North Oracle Road, Suite 171
Tucson, Arizona 85704

Rohit Talwar
PCC # 66452, SB # 028505
Direct Line: 520.260.2007
E-mail: rohit@talwarlaw.com

Attorney for the Plaintiff

## SUPERIOR COURT FOR THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| FARWEST PUMP COMPANY, a corporation, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | **(BREACH OF CONTRACT - BAD FAITH)** |
| ILLINOIS NATIONAL INSURANCE COMPANY, an insurance company; AMERICAN INTERNATIONAL GROUP, Inc., an insurance company; JOHN DOES and JANE DOES 1-5; XYZ CORPORATIONS 1-X, | Assigned to: |
| Defendants. | |

Plaintiff, Farwest Pump Company ("Farwest"), for its causes of action alleges:

1.      Farwest is owned by Clark and Channa Vaught. It is a licensed contracting corporation based in Pima County, Arizona. Specifically, Farwest primarily provides drilling services for multiple states.

2.      Defendant Illinois National Insurance Company ("INIC") is an insurance company duly licensed to sell and administer insurance in the State of Arizona. Defendant INIC, at all times relevant to this action, was properly licensed to do and was doing business in Arizona.

3.      Defendant INIC is a subsidiary and/or affiliate of Defendant American International Group, Inc. ("AIG"), an insurance company duly licensed to sell and administer insurance in the State of Arizona. Defendant AIG, at all times relevant to this action, was properly licensed to do and was doing business in Arizona.

4.      Both INIC and AIG, their employees and/or agents were involved in handling the underlying insurance claim that is the subject of this lawsuit.

5.      All events giving rise to this action occurred in Pima County, Arizona.

6.      Venue and jurisdiction in this Court is proper.

7.      At all relevant times, Defendants provided an insurance policy (No. 024057360) ("the Policy) to Farwest. This policy included Installation Floater Coverage.

8.      Farwest paid premiums for this coverage, which was fully set out under the Policy.

9.      The Policy was active and in good standing for the month of September, 2015.

10.      Farwest was hired to drill three wells for ANC Orchard, LP, BMR III, LP and Morgan Rose Ranch, LLC (the "Ranch Group") in California.

11.      On or around September 9, 2015, installation of the third well suffered a differential wall slip, requiring the third well to be installed in a different location.

2

1   12. Losses related to the failed installation of the third well were covered under

2 the Policy for up to $100,000.

3   13. Farwest made a claim with Defendants for losses related to the failed

4 installation of the third well (Claim Number 8814152271US).

5   14. That same month, the Ranch Group offered to accept $140,102.50 for

6 damages related to the failed installation of the third well.

7   15. Plaintiff understood acceptance of this offer would require an independent

8 contribution of $40,102.50 on top of the $100,000 the Policy was supposed to cover.

9   16. Plaintiff was ready and willing to make this independent contribution to fully

10 and finally resolve its dispute with the Ranch Group.

11   17. At this time, Defendants did not accept coverage or make any payments for

12 Plaintiff's claim.

13   18. As a result, an agreement between Plaintiff and the Ranch Group failed.

14   19. In January, 2016, the Ranch Group filed a lawsuit against Plaintiff for multiple

15 counts, including damages related to the failed installation of the third well and including

16 counts that were not covered under the Policy.

17   20. Specifically, as a part of the lawsuit the Ranch Group also filed a

18 disgorgement claim.

19   21. Still, Defendants did not accept coverage or make any payments for Plaintiff's

20 claim.

21   22. In May, 2016, Defendants' retained counsel advised that the $140,102.50 offer

22 was still on the table.

23   23. At this time, Defendants' retained counsel advised "we do believe it is in the

24 best interest of the insured to settle this case," noting the potential total damages for all

25 counts would be significant.

26

1    24.    Still, Defendants did not accept coverage, make any payments for Plaintiff's
2 claim or attempt to settle the matter with the Ranch Group.

3    25.    In October, 2016, the Ranch Group filed a Motion for Summary Judgement on
4 the disgorgement claim.

5    26.    At this point, Defendants finally began attempting to settle the dispute.

6    27.    On or around November, 2016, Defendants finally paid $100,000 for Plaintiff's
7 original claim.

8    28.    By paying Plaintiff's original claim, Defendants acknowledged coverage of the
9 claim.

10    29.    Being over a year too late, however, the Ranch Group was no longer interested
11 in the original agreement.

12    30.    As a result, settlement negotiations failed.

13    31.    In March, 2017, the Ranch Group obtained a judgement on the disgorgement
14 claim for $893,406.98.

15    32.    In April, 2017, the Ranch Group dismissed the remainder of their claims.

16    33.    The Ranch Group has been and is currently collecting on the judgement.
17 Plaintiff's assets have been garnished and a Writ of Execution has been served on Plaintiff by
18 the Pima County Sheriff's Department.

19    34.    As a result, Plaintiff has suffered significant financial loss, lost its reputation and
20 other business opportunities.

21    35.    As a result, Plaintiff will suffer significant future financial loss and other
22 business opportunities.

23                      **COUNT ONE - - BREACH OF CONTRACT**

24        The foregoing allegations are repeated, realleged and restated as if fully set forth
25 herein.

26

4

36.     Defendants' conduct, including but not limited to their significant delay in accepting coverage, making payment and attempting resolution between its insured and the Ranch Group constitutes a breach of their contractual obligations to Plaintiff, their insured, under the policy.

37.     As a direct and proximate result of the breach, Plaintiff has incurred direct and consequential damages, including but not limited to significant financial loss, lost reputation and other business opportunities, both past, present and in the future.

38.     This includes all damages that have occurred as a direct and proximate result of the disgorgement judgment, a judgement that would not have occurred but for the breach of contract.

## COUNT TWO - - BAD FAITH

The foregoing allegations are repeated, realleged and restated as if fully set forth herein.

39.     In every contract of insurance, including the insurance contract between the parties, there is an implied duty of good faith and fair dealing.

40.     Under this duty, Defendants must protect the interests of their insureds equally to the protecti on they give to their own interests.

41.     Under this duty, Defendants must act reasonably in the manner in which it processes a cl aim.

42.     This duty applies even if the policy does not provide coverage on some or all claims.

43.     Whether the claim is eventually paid or not, this duty is breached when Defendants' c onduct damages the security Plaintiff sought to gain by buying insurance.

44.     As a result of Defendants' conduct, Defendants have breached their duty of good faith and fair dealing to Plaintiff.

5

45.     Defendants intentionally delayed investigation, acceptance and payment of the claim without a reasonable basis for such conduct.

46.     Defendants knew it acted without a reasonable basis, or failed to perform an investigation or evaluation adequate to determine whether its action was supported by a reasonable basis.

47.     Defendants failed to give as much consideration to Plaintiff's interests as it did its own interests in all aspects of investigating and evaluating the claim.

48.     On several occasions, Defendants had the opportunity to protect their insured's interests and fully and finally resolve all disputes between their insured and the Ranch Group by agreeing to pay a covered claim within the limits of that claim.

49.     Defendants were even advised by legal counsel that early settlement of the lawsuit within the limits of a covered claim would be in their insured's best interest.

50.     Despite this advice, Defendants refused to follow it, against the best interests of their insured.

51.     As a direct and proximate result of Defendants' conduct, Plaintiff has incurred and sustained significant damages, including but not limited to financial loss, lost reputation and other business opportunities.

52.     As a direct and proximate result of Defendants' conduct, Plaintiff will continue to incur and sustain significant damages in the future, including but not limited to financial loss, lost reputation and other business opportunities.

53.     This includes all damages that have occurred as a direct and proximate result of the disgorgement judgment, a judgement that would not have occurred but for Defendants' bad faith.

54.     This matter arises out of contract and therefore Plaintiff is entitled to his reasonable attorneys' fees incurred, expended and accruing pursuant to A.R.S. § 12-341.01.

55.     The loss in part is for an ascertainable sum certain and therefore Plaintiff is entitled to liquidated damages including interest in whatever amount the court deems proper from the date of loss until said damages are paid.

56.     Upon information and belief, Defendants acted with a consistent pattern to undermine the security of its own insurance policies to the detriment of its insureds, including Plaintiff, to the extent that it constitutes a constant disregard of the substantial likelihood that such conduct was likely to—and did—cause injury and constitutes conduct sufficient to incur a penalty of punitive damages.

57.     Plaintiff is therefore entitled to punitive damages in an amount sufficient to stop such bad conduct and deter similar bad conduct in the future.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1.     For breach of contract and bad faith;

2.     For financial loss, lost reputation and lost business opportunities experienced and reasonably probable to be experienced in the future;

3.     For interest of financial loss from the date of the loss and/or the date the claims should have reasonably been paid;

4.     For special damages for Plaintiff in an amount to be proven at trial;

5.     For general damages for Plaintiff, in a fair, just and reasonable sum in an amount to be proven at trial;

6.     For punitive damages in an amount sufficient to punish the Defendants and to deter similar future conduct by this Defendants;

7.     For costs incurred;

8.     For attorneys' fees and taxable costs; and

9.     For pre and post- judgment interest at the statutory rate.

10.     For other special relief as the Court deems just in this action.

1    RESPECTFULLY submitted this 30th day of August, 2017.

2

3                    SCHMIDT & SETHI, P.C.
                     TALWAR LAW, P.L.L.C.

4

5              By: _____

6                    Matthew F. Schmidt
                     Rohit Talwar

7                    Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FILED
TONI L. HELLON
CLERK, SUPERIOR COURT
8/31/2017 10:44:37 AM
BY: ALAN WALKER
DEPUTY

**SCHMIDT & SETHI, P.C.**
1790 East River Road, Suite 300
Tucson, Arizona  85718
FAX: 520.790.1163

Ted A. Schmidt
PCC #51214, SB #005030
Direct Line: 520.545.1670
E-mail:  tschmidt@azinjurylaw.com

Matthew F. Schmidt
PCC #66347 SB# 029049
Direct Line: 520.545.1677
E-mail: mschmidt@azinjurylaw.com

Attorneys for Plaintiff

**TALWAR LAW, P.L.L.C.**
5501 North Oracle Road, Suite 171
Tucson, Arizona 85704

Rohit Talwar
PCC # 66452, SB # 028505
Direct Line: 520.260.2007
E-mail: rohit@talwarlaw.com

Attorney for the Plaintiff

**SUPERIOR COURT FOR THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF PIMA**

| | |
|---|---|
| FARWEST PUMP COMPANY, a corporation,<br><br>     Plaintiff,<br><br>vs.<br><br>ILLINOIS NATIONAL INSURANCE COMPANY, an insurance company; AMERICAN INTERNATIONAL GROUP, Inc., an insurance company; JOHN DOES and JANE DOES 1-5; XYZ CORPORATIONS 1-X,<br><br>     Defendants. | Case No. C20174197<br><br>**DEMAND FOR JURY TRIAL**<br><br>**(BREACH OF CONTRACT - BAD FAITH)**<br><br>Assigned to: |

1         Plaintiff, by and through undersigned counsel, hereby demands a trial by jury

2    pursuant to Rule 38(b), Arizona Rules of Civil Procedure.

3         RESPECTFULLY submitted this 31th day of August, 2017.

4                               SCHMIDT & SETHI, P.C.

5                               TALWAR LAW, P.L.L.C.

6

7                        By: s/Matthew F. Schmidt

8                            Matthew F. Schmidt

                           Rohit Talwar

9                            Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FILED
TONI L. HELLON
CLERK, SUPERIOR COURT
9/25/2017 9:49:05 AM
BY: ALAN WALKER
DEPUTY

1  **SCHMIDT, SETHI & AKMAJIAN**
   1790 East River Road, Suite 300
2  Tucson, Arizona  85718
   FAX: 520.790.1163
3
   Ted A. Schmidt
4  PCC #51214, SB #005030
   Direct Line: 520.545.1670
5  E-mail:  tschmidt@azinjurylaw.com

6  Matthew F. Schmidt
   PCC #66347 SB# 029049
7  Direct Line: 520.545.1677
   E-mail: mschmidt@azinjurylaw.com
8
   Attorneys for Plaintiff
9
   **TALWAR LAW, P.L.L.C.**
10 5501 North Oracle Road, Suite 171
   Tucson, Arizona 85704
11
   Rohit Talwar
12 PCC # 66452, SB # 028505
   Direct Line: 520.260.2007
13 E-mail: rohit@talwarlaw.com

14 Attorney for the Plaintiff

15
              **SUPERIOR COURT FOR THE STATE OF ARIZONA**
16
                **IN AND FOR THE COUNTY OF PIMA**
17

18 FARWEST PUMP COMPANY, a
   corporation,                         Case No.  C20174197
19
                                        **WAIVER OF SERVICE**
20              Plaintiff,
                                        **(BREACH OF CONTRACT -**
21 vs.                                  **BAD FAITH)**

22
   ILLINOIS NATIONAL INSURANCE
23 COMPANY, an insurance company;       Assigned to:  Hon. Catherine M. Woods
   AMERICAN INTERNATIONAL GROUP,
24 Inc., an insurance company; JOHN DOES
   and JANE DOES 1-5; XYZ
25 CORPORATIONS 1-X,

26              Defendants.

1    Timothy M. Strong, counsel for Defendant, ILLINOIS NATIONAL INSURANCE

2    COMPANY, an insurance company in the above-entitled and numbered action, hereby

3    accepts service of process in this action and acknowledges receipt of the Summons,

4    Complaint, Demand for Jury Trial, and Certificate of Compulsory Arbitration herein upon

5    this date as though the same had been served by the sheriff or other person duly appointed

6    or authorized by law to serve process.

7            DATED this 25th day of September, 2017.

8

9            By: s/Timothy M. Strong
10               Timothy M. Strong
                 Steptoe & Johnson LLP
11               201 E. Washington St., Suite 1600
                 Phoenix, AZ 85004-2382

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26